```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

DELIA WEST, ON BEHALF OF HERSELF
AND OTHERS SIMILARLY SITUATED,

                Plaintiffs,

v.                                  Case No.  8:08-cv-1325-T-33MAP

VERIZON COMMUNICATIONS, INC. and
PDS TECHNICAL SERVICES, INC.,

                Defendants.
_____/

NANCY DETRICK, ON BEHALF OF
HERSELF AND OTHERS SIMILARLY
SITUATED,

                Plaintiffs,

v.                                  Case No.  8:08-cv-1856-T-33TGW

VERIZON COMMUNICATIONS, INC. and
PDS TECHNICAL SERVICES, INC.,

                Defendants.
_____/

## **ORDER**

This matter comes before the Court upon review of Federal Rule of Civil Procedure 42, which governs the consolidation of related matters.  For the reasons that follow, this Court consolidates the above-captioned cases for all proceedings, including trial.

**I.   Background**

On July 10, 2008, Delia West filed a complaint "on behalf of herself and others similarly situated" against Verizon Communications, Inc. ("Verizon") and PDS Technical Services ("PDS") under the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"). (West Compl. Doc. # 1). West alleges that Defendants Verizon and PDS engaged in a policy or practice of requiring or permitting Personal Account Managers ("PAM's") to work in excess of forty (40) hours in each workweek without paying overtime compensation. (Id at ¶ 2). West alleges that PAM's "worked from 9 a.m. to 9 p.m. Monday through Saturday for a total of seventy-two (72) hours per week." (Id. at ¶ 12). Further, West alleges that PAM's "are paid $10 per hour for the first forty (40) hours of work and do not receive any overtime compensation for the additional thirty-two (32) hours worked per week." (Id. at ¶ 14). West proposes as a class: "all current and former Personal Account Managers [PAM's] who worked for Defendant[s Verizon and PDS] during the past two (2) years." (Doc. # 40).

On September 18, 2008, Nancy Detrick filed a nearly identical action "on behalf of herself and others similarly situated" against Verizon and PDS. (Detrick Compl. Doc. # 1).

Detrick asserts her complaint "under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs [and] include[s] each and every Personal Account Manager who worked for the Defendant[s] at any time within the past three (3) years." (Detrick Compl. Doc. # 1 at ¶ 4).

## II. Consolidation Proceedings

On October 27, 2008, this Court entered an order to show cause why the above-captioned cases should not be consolidated. (Doc. ## 137, 47). On November 7, 2008, Defendants filed their response to the Court's order to show cause. (Doc. ## 140, 56). Among other things, Defendants reported "Defendants see no real or potential prejudice in relation to consolidation for pre-trial proceedings. Defendants cannot know at this time, however, how these cases will be postured should there be a trial and cannot now evaluate the prospects for prejudice via consolidation should the trial stage be reached." (Id.).

Plaintiffs were given an opportunity to respond to the order to show cause regarding consolidation, and Plaintiffs did not respond.

Rule 42(a), Fed. R. Civ. P., states: "If actions before the court involve a common question of law or fact, the court

may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Id.

In Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492 (11th Cir. 1985), the Eleventh Circuit, commenting on the provisions of Rule 42, Fed. R. Civ. P., noted, "This rule is a codification of the trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Id. at 1495 (citing In re Air Crash Disaster at Fla. Everglades, 549 F.2d 1006, 1012 (5th Cir. 1977)). The Hendrix court further explained, "We have encouraged trial judges to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." Hendrix, 776 F.2d at 1495.

A trial court's decision to consolidate similar cases is purely discretionary. Id. However, in determining whether to employ the consolidation provisions of Rule 42(a), Fed. R. Civ. P., the trial court must assess:

> [w]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits against a single one, and the

       relative expense to all concerned of the single-
       trial, multiple-trial alternatives.

<u>Hendrix</u>, 776 F.2d at 1495.

     In consideration of the many commonalities between the West case and the Detrick case, both filed against Verizon and PDS for alleged overtime violations as to PAM's, this Court determines that consolidation for all proceedings is appropriate. The consolidation of these cases will eliminate the risk of inconsistent adjudications of common factual and legal issues and inconsistent verdicts after separate trials. Further, consolidation will lessen the burden on the parties, witnesses, and available judicial resources. Further, consolidation will expedite the trial of these cases and eliminate unnecessary repetition and confusion.

     Accordingly, it is now

     **ORDERED, ADJUDGED, and DECREED:**

(1) The Clerk is directed to consolidate case 8:08-cv-1325-T-33MAP and case 8:08-cv-1856-T-33TGW for all further proceedings.

(2) This action shall proceed under the lead case of 8:08-cv-1325-T-33MAP, and all future pleadings shall be filed in that case. Case 8:08-cv-1856-T-33TGW is administratively closed. Counsel are directed to re-file in the lead case

any motions that are currently pending in case 8:08-cv-1856-T-33TGW.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>1st</u> day of December, 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record