```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

DELIA WEST, ON BEHALF OF HERSELF
AND OTHERS SIMILARLY SITUATED,

    Plaintiffs,
v.                              Case No.  8:08-cv-1325-T-33MAP

VERIZON COMMUNICATIONS, INC., and
PDS TECHNICAL SERVICES, INC.,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff's Motion for Leave to Amend Complaint (the "Amendment Motion" Doc. # 181), which was filed on May 12, 2010.  On May 28, 2010, Defendant Verizon Communications, Inc. filed a Memorandum in Opposition to the Amendment Motion (Doc. # 184), and Defendant PDS Technical Services adopted Verizon's Memorandum on June 1, 2010. (Doc. # 187).  For the reasons that follow, the Court will grant the Amendment Motion.

**I.  Background**

Plaintiff, Delia West, initiated this Fair Labor Standards Act case against Defendants on July 10, 2008. (Doc. # 1).  Plaintiff moved for class certification on September 22, 2008. (Doc. # 38).  This Court referred the class certification motion to Judge Pizzo, and on July 29, 2009, Judge Pizzo issued a Report and Recommendation (Doc. # 156)

recommending that the class certification motion be denied. On September 10, 2009, after reviewing the objections of the parties, the Court adopted the Report and Recommendation with modifications. (Doc. # 163). Plaintiff now seeks an order allowing amendment of the complaint.

## II. Analysis

"The grant or denial of an opportunity to amend is within the discretion of the district court." Foman v. Davis, 371 U.S. 178, 182 (1962). The Foman decision enumerates the following factors that a district judge may use to deny leave to amend: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. Foman, 371 U.S. 178, 182 (1962).

In this case, Plaintiff's Amendment Motion is timely under the Court's Case Management and Scheduling Order (Doc. # 176), and this is the first time Plaintiff has requested leave to amend. Plaintiff seeks to amend the complaint in three ways.

First, Plaintiff seeks to substitute "the correct defendants in this action" by removing Defendant Verizon

Communications, Inc. and replacing that entity with "Verizon Services Corp. and Verizon Florida LLC." (Doc. # 181 at 1-2). Second, Plaintiff seeks to "clarify" her denial of overtime compensation claim. (Id. at 2). Third, Plaintiff seeks to amend her complaint to reflect the Court's decision to deny class certification.

Defendants oppose the amendment sought, arguing that Plaintiff acted in a dilatory manner and caused undue delay by not moving to amend sooner. Furthermore, as to the addition of Defendant Verizon Services, only, Defendants argue that such amendment would be futile because Verizon Services "has no involvement in the execution of the customer service program at issue in this litigation. (Doc. # 184 at 2). However, upon due consideration, the Court rejects Defendants' arguments.

The changes that Plaintiff seeks to make are not sweeping. In the proposed amended complaint (Doc. # 181-1), Plaintiff (1) substitutes two Verizon entities for the current, admittedly incorrect, Verizon entity, (2) removes "on behalf of herself and others similarly situated" language and the class action complaint count (count II); and (3) clarifies her denial of overtime compensation allegations. The proposed

amended complaint contains one count and is only five pages long.

The pretrial conference is set for March 18, 2011, and this case is set for an April 2011, trial.  The requested amendment will not interfere with these established deadlines, and while the Court finds that Plaintiff acted with some delay in seeking to amend the complaint, the delay is not so egregious or "undue" as to deny the well-founded Amendment Motion.

In addition, although the Court has reviewed the Declarations filed by Defendants in support of the proposition that Verizon Services Corp. is not a proper Defendant in this cause, and amendment to add Verizon Services Corp. would be futile, the Court has not given weight to these Declarations at this juncture.  Plaintiff was not given an opportunity to respond to the Declarations, and the Court determines that the arguments raised in the Declarations would be better presented in a dispositive motion.[1]

Upon due consideration, the Court finds that Plaintiff is entitled to amend her complaint and has demonstrated good

---

[1] The dispositive motions deadline in this case is November 1, 2010. (Doc. # 176).

cause for amendment under Rules 15 and 16 of the Federal Rules of Civil Procedure.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion for Leave to Amend Complaint (Doc. # 181) is **GRANTED.**  Plaintiff may file the amended complaint (Doc. # 181-1) within five days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>3rd</u> day of June 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record