IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DELIA WEST, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED,<br><br>        Plaintiff,<br><br>v.<br><br>VERIZON SERVICES, CORP., VERIZON FLORIDA, LLC, and PDS TECHNICAL SERVICES, INC.,<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CASE NO. 8:08-cv-01325-VMC-MAP

MOTION TO JOIN SETTLEMENT CONSENT FILERS AS
PLAINTIFFS AND TO APPROVE SETTLEMENTS AND STIPULATION
OF VOLUNTARY DISMISSAL OF CLAIMS WITH PREJUDICE AND
MEMORANDUM OF LAW IN SUPPORT

I. INTRODUCTION

This motion is brought for the sole purpose of allowing an efficient settlement of

the claims of multiple individuals, thereby promoting judicial economy and conserving

the resources of the Court and the parties[1].  The Court has previously ruled that collective

certification of this action was not appropriate.  While the movants submit that joinder as

---

[1]      This motion is substantially the same in form and substance as one previously granted by this Court.  On April 8, 2010, the parties jointly filed the "Motion to Join Settlement Consent Filers as Plaintiffs and To Approve Settlements and Stipulation of Voluntary Dismissal of Claims with Prejudice and Memorandum of Law in Support." (Dkt. No. 177.)  The Court entered an Order granting the Motion to Approve Settlement and the Motion for Joinder on April 12, 2010. (Dkt. No. 178.)

requested herein is proper and prudent in this settlement context, the movants reserve all their arguments regarding whether joinder on any basis is authorized.[2]

This is a Fair Labor Standards Act ("FLSA") case in which Plaintiffs Delia West ("West") and Nancy Detrick ("Detrick") contend that Defendants Verizon Services, Corp. and Verizon Florida, LLC ("Verizon") and PDS Technical Services, Inc. ("PDS") failed to pay overtime wages as required under 29 U.S.C. § 201 *et seq*.  West and Detrick ("Plaintiffs") sought, but were denied by the Court, conditional collective action certification of this proceeding, with the attendant opportunity to proceed for all persons "similarly situated" to Plaintiffs subject to such persons filing consents to join the case. Prior to the Court's ruling denying collective action certification, numerous persons who claimed to be similarly situated to Plaintiffs filed consents to join the case hoping that the case would later be certified.  Such persons, while not now proceeding as parties in this action due to the denial of collective action status, nonetheless contend that Verizon and PDS ("Defendants") are liable to them for unpaid overtime wages.[3]

While Defendants deny any and all wage payment obligations to the consent filers, PDS has achieved conditional settlement with Plaintiff Detrick and 27 individuals[4] who previously filed consents to join the case before the denial of collective action

---

[2]     Further, as an officer of the Court, counsel for West believes that he is compelled to note that it is his belief that this motion is not consistent with the Court's prior ruling denying certification of the collective action.

[3]     Each of the Settlement Consent Filers worked as a service representative in the PAM program, as did West and Detrick, and each is represented by either counsel for West or counsel for Detrick.

[4]     In the Court's April 12, 2010 Order, the Court approved settlements for 34 individuals.

certification (the "Settlement Consent Filers").[5]  Defendants have conditioned the settlements upon obtaining judicial approval.

The Defendants, joined by Detrick and the Settlement Consent Filers, all appearing through the undersigned counsel,[6] submit this petition for relief in order to consummate the subject settlements.  The movants submit that granting the requested relief will promote the interests of justice and relieve this Court and possibly other tribunals of the prospect of numerous additional actions stemming from these circumstances.  Movants request that the Court join the Settlement Consent Filers as plaintiffs in this action for the sole and limited purpose of approving the subject settlements, after which the newly joined plaintiffs, together with their claims, will be dismissed with prejudice.

## II.  BACKGROUND AND PROCEDURAL HISTORY

This action commenced on July 10, 2008, when West filed a putative collective action under the FLSA against Verizon Communications, Inc.[7] and PDS alleging that each failed to pay its West and persons similarly situated to her overtime wages for all

---

[5]    While the conditional settlement agreements have been entered into between individual Settlement Consent Filers and PDS, the agreements call for the release and dismissal of Verizon as well as PDS.

[6]    Ryan Barack appears here only on behalf of his client, Michelle Wilcox, who has elected to settle her claims with Defendants, as discussed in more detail below.  Because he does not have knowledge regarding the settlements reached between Defendants and the remaining 27 Settlement Consent Filers (who are represented here by Bernard Mazaheri), Mr. Barack does not join this motion as it applies to them, and he reserves the right to respond to this motion on behalf of Plaintiff West.

[7]    Verizon Communications, Inc. is no longer a party to this action.  On June 3, 2010, the Court entered an order allowing Plaintiff West to amend her complaint.  (Dkt. No. 188.)  Plaintiff West amended her complaint on June 4, 2010, to include Verizon Services, Corp. and Verizon Florida, LLC replacing the entity of Verizon Communications, Inc. (Dkt. No. 189).

- 3 -

hours worked over 40 in a week.  (Dkt. No. 1.)  On September 18, 2008, Detrick filed a similar action against Verizon Communications, Inc. and PDS in this Court.  On December 1, 2008, the Court consolidated the two cases into the above-styled action. (Dkt. No. 143.)

After the commencement of this action, scores of persons filed consents to participate should the case be certified as a collective action.  On September 22, 2008, West moved the Court to conditionally certify the case as a collective action.  (Dkt. No. 38.)  On September 10, 2009, the Court denied the motion.  (Dkt. No. 163.)  On October 27, 2009, the Court entered an FLSA Scheduling Order requiring Plaintiffs to respond to the Court's interrogatories, and Defendants to file a verified summary of all hours worked and applicable rates of pay for each Plaintiff during the relevant time periods.  (Dkt. No. 164.)  Additionally, the Court ordered counsel to meet and confer in person in a good faith effort to settle all pending issues, and they did so.  (*Id.*)

Thus, PDS made settlement offers to consent filers, and 34 individual consent filers entered into settlement agreements with PDS, which were accepted by the Court on April 12, 2010.  (Dkt. No. 177.)  Then counsel for Plaintiffs and Defendants met and conferred regarding settlement.  The court-ordered mediation took place on July 20, 2010 before a mediator.  This mediation produced the proposed settlements with 27 clients of Bernard Mazaheri, including named Plaintiff Detrick (see Exhibit "A").  One client of Ryan Barack also seeks settlement in connection with the earlier round of settlements (see Exhibit "B").  Though this client's agreement was not timely submitted, PDS had agreed to accept the untimely settlement and include it in this process.

Although not parties to this case, the Settlement Consent Filers listed on Exhibit "A," as well as Plaintiff Detrick, have offered to settle their individual claims against PDS and Verizon in exchange for a lump sum payment.  PDS has accepted these offers ("Settlement Agreements").  The Settlement Agreements with Detrick and the Settlement Consent Filers listed on Exhibit "A" provide that each individual will receive direct payment of a set amount[8] from PDS.  In return, Detrick and the Settlement Consent Filers agree to release their claims against PDS and Verizon.   The attorney for the Settlement Consent Filers listed on Exhibit "A," Mr. Mazaheri, will receive $55,000 in attorney's fees directly from PDS and his clients will have no further obligation regarding payment of fees.[9]  Regarding the individual Settlement Consent Filer listed on Exhibit "B," PDS made her a settlement offer, which she has accepted ("Settlement Agreement").  The Settlement Agreement for the Settlement Consent Filer listed on Exhibit "B" provides that her attorney's fees will not be paid by PDS.  Rather, the client will pay her attorney's fees pursuant to her agreement with the attorney.  All settlements with the Settlement Consent Filers are conditioned upon obtaining Court approval as now sought via this petition.  The Settlement Agreements for all clients are attached as Exhibit "C."

As set forth below, the movants submit that the Court should allow the Settlement Consent Filers to join this action as plaintiffs, approve the Settlement Agreements, and

---

[8]     The amount paid to each Settlement Consent Filer varies based on the amount of time each Settlement Consent Filer worked as a PAM, as well as the amount of alleged unpaid overtime claimed by each Settlement Consent Filer.

[9]     The parties seperately negotiated the payment of attorneys' fees and costs, so as not to affect the Settlement Consent Filers, pursuant to *Boneti v. Embarq Management Company*, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009).

immediately dismiss Detrick and the Settlement Consent Filers and their claims with prejudice.

## III.   ARGUMENT AND CITATION AUTHORITY

A.      The Settlement Consent Filers Should be Joined as Plaintiffs.

In determining whether joinder is appropriate pursuant to Federal Rule of Civil Procedure 20(a)(1), the court "is guided by the underlying purpose of joinder, which is to 'promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits.'" *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002) (quoting *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000)).  In this settlement context joinder of the Settlement Consent Filers is appropriate because joint approval of the conditional settlements raises common legal issues and would promote judicial economy.  Fed. Prac. & Proc., § 1653. at 415 (3d ed. 2001) (Rule 20(a) is not a rigid test and is meant to be "read as broadly as possible whenever doing so is likely to promote judicial economy").  Joinder of the Settlement Consent Filers in the instant action is also proper because it will not cause any undue delay or prejudice in this case. *See Wood v. TriVita, Inc.*, 2009 WL 2106291, at *2 (D. Ariz. June 22, 2009) (allowing joinder where no prejudice would result to existing parties).  Moreover, the momentary addition of the Settlement Consent Filers to this lawsuit is requested for the sole and limited purpose of permitting settlement, and will not complicate the resolution of the remainder of the case.  Importantly, joining the Settlement Consent Filers will help to avoid the filing of multiple additional proceedings.

B.      The Court Should Approve the Settlements.

        1.      Standard of Approval for FLSA Settlements.

        Claims arising under the FLSA may be settled under the supervision of the district

court after scrutinizing the settlement for fairness.  *See* 29 U.S.C. § 216(c); *Lynn's Food

Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Klatt v. All-Brand Food

Distribution, Inc.*, No. 608-cv-2125-Orl-28KRS, 2010 WL 746492, at *2 (M.D. Fla. Mar.

3, 2010).  When court approval is sought, whether to approve an FLSA settlement lies

within the court's discretion.  *See Lynn's Foods Stores,* 679 F.2d at 1350.  If the court

determines that the settlement is a "fair and reasonable resolution of a bona fide dispute,"

the court may approve the settlement "in order to promote the policy of encouraging

settlement of litigation."  *Id.* at 1354.

        In determining whether a settlement is fair and reasonable under the FLSA, courts

typically examine the following factors common to the review of class action settlements

in the Rule 23 context:

        (1) the existence of collusion behind the settlement;

        (2) the complexity, expense and likely duration of the litigation;

        (3) the stage of the proceedings and the amount of discovery completed;

        (4) the probability of plaintiff's success on the merits;

        (5) the range of possible recovery; and

        (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1530-31, n6 (11th

Cir. 1994); *Garcia v. Riccy's Landscaping Servs., Inc.*, No. 6:08-cv-706-Orl-28GJK,

2009 WL 347418 at *2 (M.D. Fla. Feb. 11, 2009); *Hitchcock v. Orange County, Fla.*, No.

- 7 -

604CV1722ORL28JGG, 2006 WL 3614925 at *3 (M.D. Fla. Dec. 11, 2006).  Further,

the Eleventh Circuit has instructed that courts should be mindful of the strong

presumption in favor of finding a settlement fair.  *See Murchison v. Grand Cypress Hotel

Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit "favor[s]

and encourage[s] settlements in order to conserve judicial resources."); *Cotton v. Hinton*,

559 F.2d 1326, 1331 (5th Cir. 1977) (noting that "particularly in class action suits, there

is an overriding public interest in favor of settlement.").[10]

      2.      The Terms of the Settlement Are Fair and Reasonable.

      a.      The existence of collusion behind the settlement.

      Each individual Settlement Consent Filer entered into settlement knowingly and

voluntarily.  Settlement here was achieved in good faith through arms-length negotiation

of counsel, with no collusion, unethical behavior, or lack of skill or zeal on the part of

counsel.  *Canupp v. Sheldon*, No. 2:04-cv-260-FTM-99DNF, 2009 WL 4042928, at *9

(M.D. Fla. Nov. 23, 2009).  There is no evidence of collusion or undue pressure in this

case.

      b.      The complexity, expense and likely duration of litigation.

      In the event the settlements are not approved, the Settlement Consent Filers will

have to resort to filing individual proceedings against one or both Defendants, thereby

requiring further action which could drag on for years and necessitate the expenditure of

significant resources by the parties and by the tribunals involved. Indeed, four individual

---

[10]     Decisions of the Fifth Circuit Court of Appeals decided prior to October 1, 1981
are binding within the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206,
1207 (11th Cir. 1981).

Settlement Consent Filers did file separate actions in this court but dismissed without prejudice in light of the pending settlements.[11]  Should the Court approve the settlements, however, the Settlement Consent Filers will be able to recover now without suffering the delay, risk and cost of litigating and proving their claims.

c.     <u>The stage of the proceedings and the amount of discovery completed</u>.

The movants have had ample time and the means to make separate and independent evaluations of the issues arising in this litigation.

d.     <u>The probability of success on the merits</u>.

Defendants strongly deny liability and have raised numerous factual and legal defenses that raise doubt about Detrick's and the Settlement Consent Filers' chances of success on the merits.  For example, in responding to West's motion for conditional collective action certification, Defendants presented argument, opposed by Plaintiffs, attacking Plaintiffs' 72-hour work week theory.  (Dkt. 72.)  The Court viewed Defendants' argument favorably in its order denying collective action certification.  (Dkt. 156.)  Defendants also submit that they will, if required, demonstrate that the hours claimed to have been worked by the Settlement Consent Filers were in fact not worked.  Detrick and the Settlement Consent Filers, on the other hand, respectfully disagree with some of the Court's prior rulings in this case and contend that the facts and the law support a significant recovery by them.  In resolving their claims, the Settlement Consent

---

[11]    Those cases were: *Jonathan Alba v. PDS Technical Services, Inc.*, Case No. 8:10-cv-01477-RAI-TGW, dismissed on 7/25/10; *Donna Brown v. PDS Technical Services, Inc.*, Case No. 8:10-cv-04476-JSM-TBM, dismissed on 8/3/10; *W. Lynn Johnson v. PDS Technical Services, Inc.*, Case No. 8:10-1508-T-33EAJ, dismissed on 7/27/10; and *Lillie Dawson-Lugen v. PDS Technical Services, Inc.*, Case No. 8:10-cv-1627-T-23AEP, dismissed on 7/19/10.

Filers considered the various risks associated with their respective positions, received advice of counsel, and ultimately chose to eliminate these risks by settling their claims now.

        e.      <u>The range of possible recovery</u>.

Defendants believe that Detrick and the Settlement Consent Filers are entitled to no recovery in regard to their claims.  Upon evaluating their own individual circumstances and considering advice from counsel, the Settlement Consent Filers all believe that the amount they are receiving as part of the settlement equates to more overtime than they are entitled to pursuant to the Fair Labor Standards Act or the exact amount due to them.  In an attempt to avoid the expense and burden of further proceedings, the Settlement Consent Filers made offers of settlement to PDS.  These offers provided for lump sum payments to the individual in exchange for the release of claims against the Defendants.

        f.      <u>The opinions of counsel</u>.

The Defendants and the Settlement Consent Filers are represented by competent counsel who are well-positioned to offer advice about a settlement that fairly reflects the potential outcome as to each should contested proceedings go forward.   The Defendants and the Settlement Consent Filers have considered this advice in deciding to resolve their claims.

IV.  <u>CONCLUSION</u>

The movants respectfully request that the Court join the Settlement Consent Filers as plaintiffs in the instant action, approve the subject settlements, and dismiss each

Settlement Consent Filer and their claims with prejudice.  A proposed order providing for such relief is attached, and will be emailed, in WordPerfect format, to the following address:  Chambers_FLMD_Covington@flmd.uscourts.gov.

Respectfully submitted this 7th day of September, 2010.

/s/ Bernard R. Mazaheri
Bernard R. Mazaheri
Florida Bar No. 643971
MORGAN & MORGAN, PA
20 N Orange Ave
PO Box 4979
Orlando, FL 32802-4979
407/420-1414
Fax: 407/420-5956
Email: bmazaheri@forthepeople.com

ATTORNEY FOR CONSENT FILERS
AS DESIGNATED ON EXHIBIT "A"

/s/ Robert P. Riordan
Robert P. Riordan
Georgia Bar. No. 606431
Brett E. Coburn
Georgia Bar No. 171904
Georgia Bar No. 425262
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
Tel. No. (404) 881-7000
Fax. No. (404) 881-7777
E-mail: bob.riordan@alston.com
          brett.coburn@alston.com

ATTORNEYS FOR DEFENDANT PDS
TECHNICAL SERVICES, INC.

/s/ Ryan D. Barack
Ryan D. Barack
Florida Bar No. 0148430
KWALL, SHOWERS & BARACK, P.A.
133 North Fort Harrison Avenue
Clearwater, Florida 33755
Tel. No. (727) 441-4947
Fax No. (727) 447-3158
Email:  rbarack@ksblaw.com

ATTORNEY FOR CONSENT FILERS
AS DESIGNATED ON EXHIBIT "B"

/s/ William A. Wargo
Alan Mansfield
Jonathan L. Sulds
William A. Wargo
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Telephone (212) 801-9200
Facsimile (212) 801-6400
E-mail:  mansfielda@gtlaw.com
          suldsj@gtlaw.com
          wargow@gtlaw.com

ATTORNEYS FOR DEFENDANT
VERIZON SERVICES, CORP. AND
VERIZON FLORIDA, LLC

- 12 -