```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
DELIA WEST,

        Plaintiff,

v.                              Case No.  8:08-cv-1325-T-33MAP

VERIZON SERVICES CORP.,
ET AL.,

        Defendants.
_____/
```

**ORDER**

This matter is before the Court pursuant to PDS Technical Services, Inc.'s Motion for Certificate of Interlocutory Appeal (Doc. # 232), which was filed on January 28, 2011. West filed a Response in Opposition (Doc. # 233) on February 7, 2011.  For the reasons that follow, the Court denies the motion.

**I. Background**

West, a former Personal Account Manager, filed this case against Version and PDS on July 10, 2008, and filed a single count amended complaint on June 4, 2010. (Doc. # 1, 189). West claims that she worked for 72 hours a week and was not paid overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 207. She seeks $9,600 in overtime compensation as well as liquidated damages and attorney's fees and costs.

On November 1, 2010, both PDS and Verizon filed motions for summary judgment. (Doc. # 214, 215). On January 21, 2011, the Court entered an order denying both motions for summary judgment. (Doc. # 231). In the order denying the motions for summary judgment, the Court determined that a jury must determine the identity of West's employer and whether West worked overtime hours. The Court also held that a jury must determine whether West's employer or employers knew or should have known of the overtime hours worked, if any.

In addressing the summary judgment motions, the Court was also called upon to determine the rate of overtime to be paid to West in the instance that a jury finds that West is entitled to overtime compensation. Defendants contended that, if West is entitled to overtime compensation, her damages should be calculated using the "half-time" method.

After reviewing the entire record and the relevant case law, the Court determined: "On the present record, the Court declines to determine that West's overtime compensation, if any, should be limited to half-time, rather than time and one-half. In the instance that a jury determines that West is entitled to overtime compensation, West's rate of overtime compensation will be time and one-half." (Doc. 231 at 28-29).

PDS now seeks a certification of interlocutory appeal on

2

the issue of West's rate of overtime compensation. (Doc. # 232). PDS submits that "immediate review of the Court's ruling on the issue if how damages should be calculated ... in the event damages are awarded" is proper pursuant to 28 U.S.C. § 1292(b).

**II. Analysis**

The Court has decreed that orders denying motions for summary judgment are not appealable. Switz. Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc., 385 U.S. 23, 25 (1966)("the denial of a motion for summary judgment because of unresolved issues of fact does not settle or even tentatively decide anything about the merits of the claim.") See also Gardner v. Westinghouse Broadcasting Co., 437 U.S. 478, 482 (1978); Ala. v. Army Corps of Engineers, 424 F.3d 1117, 1129 (11th Cir. 2005). Each of these cases echos the firmly held judicial policy against piecemeal appeals. This principle was articulated in Seitzerland Cheese as follows:

> A district judge's orders advancing a case to trial ought not be critically examined and re-examined by the cumbersome method of appeal before he has approached the stage of adjudication . . . . I believe this an intolerable burden for us, an improper and uncertain interference with trial court discretion, and a confusing invitation to indiscriminate appeals in the future – all contrary to settled law against piecemeal appeals.

385 U.S. at 25, at n. 3 (internal citation omitted).

3

If a trial court enters an order from which an appeal is not permitted pursuant to 28 U.S.C. § 1292(a), such as an order denying summary judgment, the court may grant 28 U.S.C. § 1292(b) certification, which would allow the order to be appealed.[1] PDS requests such a certification in this case.

However, even if this Court were to grant a Section 1292(b) certification concerning its order denying the motions for summary judgment, the Eleventh Circuit would be under no obligation to consider an appeal of any portion of the order. Tidewater Oil Co. v. United States, 409 U.S. 151, 167 (1972)(application of 28 U.S.C. § 1292(b) is "subject to the judgment and discretion of the district court and the court of

---

[1] 28 U.S.C. § 1292(a) defines the jurisdiction of the federal court of appeals and lists the specific types of orders from which appeals may be taken.
    28 U.S.C. § 1292(b), on the other hand, states: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order. (Emphasis in original).

4

appeals.") See also McFarlin v. Conseco Servs., 381 F.3d 1251, 1259 (11th Cir. 2004)("the court of appeals has discretion to turn down a § 1292(b) appeal. And we sometimes do so. The proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution are protected by the final judgment rule, and are threatened by too expansive use of the § 1292(b) exception to it.").

The Court has noted, "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." Caterpillar v. Lewis, 519 U.S. 61, 74 (1996). The Eleventh Circuit has also enunciated a strong presumption against interlocutory appeals. See McFarlin, 381 F.3d at 1259 ("Because permitting piecemeal litigation is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy.").

In light of the strong presumption against the use of Section 1292(b), the Court is inclined to deny the motion. Nevertheless, the Court will evaluate the factors enunciated in Section 1292(b) in an effort to further explain its decision. District courts may grant motion for certification for interlocutory appeal pursuant to Section 1292(b) when an

5

order addresses a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

**A.  Controlling Question of Law**

As explained in McFarlin, interlocutory appeals "were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." 381 F.3d at 1259; see also Simpson v. Carolina Builders Corp., 22 F. App'x. 924, 925 (11th Cir. 2007)(dismissing a Section 1292(b) appeal on the issue of quantum meruit rights because it would require the appellate court to "root through the record in search of the facts or of genuine issues of fact."); In re Celotex Corp., case no. 8:09-cv-2444-T-EAK, 2010 U.S. Dist. LEXIS 73072, at *5 (M.D. Fla. July 20, 2010)("An issues is characterized as a controlling question of law if it deals with a question of pure law, or matters that can be decided quickly and cleanly without having to study the record.")

The Court determines that the issue of West's overtime rate of pay is not a controlling issue of law appropriate for interlocutory examination because it is not an issue that can

6

be quickly and cleanly decided without review of the record. Implicit in PDS's motion is the argument that this Court incorrectly decided the issue of West's overtime rate of pay. PDS contends that this Court should have followed decisions, such as Urnikis-Negro v. Am. Family Prop. Servs., 616 F.3d 665 (7th Cir. 2010), for determining overtime pay rates. In the Urnikis-Negro case, the court determined: "[A] court must still ascertain the employee's regular rate of pay and calculate an appropriate overtime premium based on that rate. When the employee was pad a fixed weekly salary, this requires first determining the number of hours that salary was intended to compensate." Id. at 679. The Urnikis-Negro court ultimately held that the rate of overtime pay was a factual issue to be decided by a jury. Id. at 680.

Even if PDS was correct in its argument that the Seventh Circuit's analysis controls, the Eleventh Circuit could not make such a determination without first studying the facts of this case. The Court determines that the issue at bar is not a clear cut legal determination that can be made without analyzing the record, and thus is not a controlling issue of law.[2]

---

[2] The Court notes that West's rate of overtime compensation is also not a "controlling question of law"

7

### B. Substantial Ground for Difference of Opinion

The Court finds that there is a substantial ground for difference of opinion on the overtime compensation issue raised in the motion. PDS has identified two circuit court opinions that addressed the issue differently than this Court. Further, within the circuit court opinions identified by PDS are citations to lower court opinions that also addressed the issue differently than this Court. Thus, the Court agrees with PDS that there is a substantial ground for difference of opinion here.

### C. Materially Advance the Ultimate Termination of the Litigation

The pretrial conference in this case is set for March 18, 2011, with a jury trial scheduled to take place during the Court's April 2011, trial term. (Doc. # 176). The Court determines that proceeding to trial, rather than pursuing an interlocutory appeal, will materially advance the ultimate termination of the litigation. The Court agrees with West that "the only thing left is trial. An interlocutory appeal

---

because it is an issue that may never come to fruition. That is, if the jury determines that West did not work overtime hours, or that her employer(s) did not know that she worked such hours, the rate of overtime compensation will not need to be applied or calculated.

would surely delay the litigation under the current circumstances." (Doc. # 233 at 5).

Thus, having evaluated the factors associated with a Section 1292(b) certification and in light of the strong policy against granting Section 1292(b) certification, the Court denies the motion.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

PDS Technical Services, Inc.'s Motion for Certificate of Interlocutory Appeal (Doc. # 232) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>9th</u> day of February 2011.

                                  VIRGINIA M. HERNANDEZ COVINGTON
                                  UNITED STATES DISTRICT JUDGE

Copies:

All counsel of record